■ In the Matter of KALEB B., ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HAROLD S., Appellant. (Proceeding No. 1.) In the Matter of DE'JA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HAROLD S., Appellant. (Proceeding No. 2.) In the Matter of ISAIAH S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HAROLD S., Appellant. (Proceeding No. 3.) [989 NYS2d 345]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated March 5, 2013, which, upon an order of fact-finding of the same court dated October 20, 2011, made after a hearing, finding that he neglected the subject children De'ja S. and Isaiah S. and derivatively neglected the subject child Kaleb B., inter alia, placed him under the petitioner's supervision for a period of 12 months. The appeal from the order of disposition brings up for review the order of fact-finding.

Ordered that the appeal from so much of the order of disposition as placed the father under the petitioner's supervision for a period of 12 months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant under the supervision of the petitioner for a period of 12 months must be dismissed as academic, as that portion of the order expired by its own terms (*see Matter of Joshua P. [David J.]*, 111 AD3d 836 [2013]). However, since an adjudication of neglect "constitutes a permanent and significant stigma

that might indirectly affect the appellant's status in future proceedings," the appeal from so much of the order of disposition as brings up for review the findings of neglect and derivative neglect in the order of fact-finding dated October 20, 2011, is not academic (*Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011] [internal quotation marks omitted]).

"To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child's physical, mental or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Eugene S. [Priscilla E.]*, 114 AD3d 691, 691 [2014]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1025-1026 [2011]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, contrary to the father's contention, a preponderance of the evidence established that he neglected the subject children De'ja S. and Isaiah S. by, inter alia, beating their stepmother with a stick, causing bruises to her abdomen, arm, thighs, and buttocks in their presence. The father's acts of domestic violence against the stepmother in the children's presence impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Matter of Eugene S. [Priscilla E.]*, 114 AD3d at 691; *Matter of Ariella S. [Krystal C.]*, 89 AD3d 1092 [2011]; *Matter of Tristan R.*, 63 AD3d 1075, 1076 [2009]; *cf. Nicholson v Scoppetta*, 3 NY3d 357 [2004]). The out-of-court statements by these children were corroborated by, inter alia, medical evidence (*see Matter of Nicole V.*, 71 NY2d 112, 120 [1987]; *Matter of Tristan R.*, 63 AD3d at 1075; *Matter of Linda K.*, 132 AD2d 149, 158 [1987]; *Matter of Kimberly K.*, 123 AD2d 865 [1986]).

The petitioner further established, by a preponderance of the evidence, that the father derivatively neglected the child Kaleb B. (*see Matter of Andrew B.-L.*, 43 AD3d 1046, 1047 [2007]). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.