■ In the Matter of NATALIA C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE C., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of CANDACE H. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE C., Appellant, et al., Respondent. (Proceeding No. 2.) [19 NYS3d 548]—

Appeals from two orders of the Family Court, Nassau County (Edmund M. Dane, J.) (one as to each child), both dated January 10, 2013, and two orders of fact-finding and disposition of that court (one as to each child) dated June 6, 2013, and June 18, 2013, respectively. The orders dated January 10, 2013, denied, after a hearing, the mother's application for the return of her daughter, the child Candace H., and her granddaughter, the child Natalia C., respectively, who had been temporarily removed from her. The orders of fact-finding and disposition dated June 6, 2013, and June 18, 2013, insofar as appealed from, after a hearing, found that the mother neglected Candace H. and Natalia C., respectively.

Ordered that the appeals from the two orders dated January 10, 2013, are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

"To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see also* Family Ct Act § 1046 [b] [i]). While domestic violence may be a permissible basis upon which to make a finding of neglect (*see Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), '[n]ot every child exposed to domestic violence is at risk of impairment' (*Nicholson v Scoppetta*, 3 NY3d at 375)" (*Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]).

Here, the petitioner established that the mother failed to exercise the minimum degree of care necessary to protect her daughter Candace H. from the physical abuse inflicted by an older sibling, despite the mother's knowledge of numerous instances of such abuse. The physical abuse of Candace H. occurred in the presence of the mother's granddaugher, Natalia C., and impaired, or created an imminent danger of impairing the physical, mental, or emotional condition of Natalia C. (*see* Family Ct Act § 1046 [b] [1]; *Matter of Jamoori L. [Danette B.]*, 116 AD3d 1046 [2014]; *Matter of Angelique L.*, 42 AD3d 569 [2007]).

Moreover, we are satisfied that the Family Court's reconstruction of testimony from a day of the fact-finding hearing that had not been recorded was adequate to protect the mother's rights (*see Matter of Olson v Olson*, 8 AD3d 285 [2004]).

The mother's remaining contentions are without merit.

Accordingly, the petitioner established by a preponderance of the evidence that the mother neglected Candace H. and Natalia C. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.