In the Matter of Brilliance B. Suffolk County Department of Social Services, Respondent; Sydell B. et al., Appellants. (Proceeding No. 1.) In the Matter of Love M. Suffolk County Department of Social Services, Respondent; Sydell B. et al., Appellants. (Proceeding No. 2.) In the Matter of Mother X. Suffolk County Department of Social Services, Respondent; Sydell B. et al., Appellants. (Proceeding No. 3.) In the Matter of Viltasia B. Suffolk County Department of Social Services, Respondent; Sydell B. et al., Appellants. (Proceeding No. 4.) In the Matter of Shyheim B. Suffolk County Department of Social Services, Respondent; Sydell B. et al., Appellants. (Proceeding No. 5.) [19 NYS3d 561]—Appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Theresa Whelan, J.), dated July 18, 2014. The order of fact-finding and disposition, insofar as appealed from, made after fact-finding and dispositional hearings, found that the mother and the father neglected the subject children and placed the children in the custody of the Suffolk County Commissioner of Social Services.

Ordered that on the Court's own motion, the notices of ap-

peal from a decision dated July 24, 2014, are deemed to be notices of appeal from the order of fact-finding and disposition dated July 18, 2014 (*see* CPLR 5512 [a]; *Matter of Jaelin L. [Kimrenee C.]*, 126 AD3d 795, 796 [2015]; *Matter of William N. [Kimberly H.]*, 118 AD3d 703, 703-704 [2014]); and it is further,

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the child Shyheim B. in the custody of the Suffolk County Commissioner of Social Services is dismissed as academic, without costs or disbursements, as Shyheim B. has reached 18 years of age; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, a preponderance of the evidence established that the mother neglected the subject children by, inter alia, engaging in certain acts of domestic violence in the children's presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Matter of Kaleb B. [Harold S.]*, 119 AD3d 780, 781 [2014]; *Matter of Eugene S. [Priscilla E.]*, 114 AD3d 691, 691 [2014]).

Additionally, the Family Court properly found that the father, who was legally responsible for the care of the two older children (*see* Family Ct Act § 1012 [g]), and the biological father of the other children, neglected the children, as he failed to exercise the minimum degree of care to prevent the imminent danger of impairment of their mental or emotional condition (*see Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]; *Matter of Angelique L.*, 42 AD3d 569, 572 [2007]; *Matter of Christopher B.*, 26 AD3d 431, 432 [2006]).

The Family Court also properly determined that it was in the best interests of the subject children for them to remain in the care and custody of the Suffolk County Commissioner of Social Services (*see Matter of Lemar H.*, 23 AD3d 383, 384-385 [2005]; *Matter of Giselle H.*, 22 AD3d 578, 580 [2005]). Chambers, J.P., Hall, Duffy and Barros, JJ., concur.