■ In the Matter of Shania D. Administration for Children's Services, Appellant; Lesley D., Respondent. [24 NYS3d 696]—Appeal from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated November 6, 2014. The order, after a fact-finding inquest and upon a finding that the father did not neglect Shania D., dismissed the petition with prejudice.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, a finding is made that the respondent father neglected Shania D., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to article 10 of the Family Court Act, alleging, inter alia, that the father neglected the subject child, Shania D. After a fact-finding inquest, the Family Court found that ACS failed to show by a preponderance of the evidence that Shania D. was a neglected child and dismissed the petition with prejudice. ACS appeals.

To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), (1) that the child's physical, mental, or emotional

condition has been impaired or is in imminent danger of becoming impaired, and (2) that actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Brilliance B. [Sydell B.]*, 133 AD3d 652, 653 [2015]; *Matter of Joselyn S. [Lizzeth E.]*, 133 AD3d 608 [2015]; *Matter of Natalia C. [Christine C.]*, 133 AD3d 597, 598 [2015]). Contrary to the Family Court's determination, under the facts of this case, a preponderance of the evidence adduced at the fact-finding inquest established that the father neglected Shania D. Accordingly, we reverse the order, reinstate the petition, make a finding that the father neglected Shania D., and remit the matter to the Family Court, Kings County, for a dispositional hearing and a disposition thereafter. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.