In the Matter of MARINA Y. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GAMAL Y., Appellant. (Proceeding No. 1.) In the Matter of MARIO Y. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GAMAL Y., Appellant. (Proceeding No. 2.) [65 NYS3d 747]—

Appeals from (1) an order of fact-finding and disposition (one paper) of the Family Court, Richmond County (Arnold Lim, J.), dated September 19, 2014, (2) an order of that court dated February 22, 2016, made after a reconstruction hearing, and (3) an order of disposition of that court, also dated February 22, 2016. The order of fact-finding and disposition dated September 19, 2014, made after fact-finding and dispositional hearings, found that the father neglected the subject children, and denied him visitation until further order of the court. The order dated February 22, 2016, made after a reconstruction hearing with respect to the father's testimony at the fact-finding hearing, also found that the father neglected the subject children. The order of disposition dated February 22, 2016, imposed the disposition imposed in the order of fact-finding and disposition dated September 19, 2014, denying the father visitation until further order of the court.

Ordered that the appeal from the order of fact-finding and disposition dated September 19, 2014, is dismissed, without costs or disbursements, as that order was superseded by the orders dated February 22, 2016; and it is further,

Ordered that the orders dated February 22, 2016, are affirmed, without costs or disbursements.

The petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the children Marina Y. and Mario Y. by committing acts of domestic violence against the mother in the presence of the children which subjected the children to emotional harm. After a fact-finding hearing, the Family Court found that a preponderance of the evidence established that the father had neglected the children by committing acts of domestic violence against the mother in the presence of the children, which caused them emotional harm.

To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).

Here, the petitioner demonstrated by a preponderance of the evidence that the father neglected the subject children by, inter alia, engaging in acts of domestic violence in the children's presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (see Matter of Brilliance B. [Sydell B.], 133 AD3d 652, 653 [2015]; Matter of Kaleb B. [Harold S.], 119 AD3d 780, 781 [2014]; Matter of Eugene S. [Priscilla E.], 114 AD3d 691, 691 [2014]).

The father's remaining contentions are without merit. Balkin, J.P., Hall, Hinds-Radix and Christopher, JJ., concur.