Matter of Asher M. (Orton M.) (2018 NY Slip Op 01191)





Matter of Asher M. (Orton M.)


2018 NY Slip Op 01191


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-01772
 (Docket Nos. N-9972-16, N-9973-16, N-9974-16)

[*1]In the Matter of Asher M. (Anonymous). Administration for Children's Services, respondent; Orton M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Amariah M. (Anonymous). Administration for Children's Services, respondent; Orton M. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Gabriel M. (Anonymous). Administration for Children's Services, respondent; Orton M. (Anonymous), appellant. (Proceeding No. 3)


Joel Borenstein, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jeremy W. Shweder of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler, Diane Pazar, and Marjan Daftary of counsel), attorney for the children.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 25, 2017. The order, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject children.
ORDERED the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging that the father neglected the subject children. After a fact-finding hearing, the Family Court found that a preponderance of the evidence established that the father neglected the children by committing acts of domestic violence against the mother in their presence, which created an imminent danger of impairing the children's physical, mental, or emotional condition. The father appeals.
To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368).
Here, the petitioner demonstrated by a preponderance of the evidence that the father neglected the children by engaging in acts of domestic violence in their presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (see Matter of Marina Y. [Gamal Y.], 156 AD3d 894; Matter of Brilliance B. [Sydell B.], 133 AD3d 652, 653; Matter of Kaleb B. [Harold S.], 119 AD3d 780, 781; Matter of Eugene S. [Priscilla E.], 114 AD3d 691, 691). The out-of-court statements of the children corroborated each other and were corroborated by the mother's testimony (see Matter of Nicole V., 71 NY2d 112, 124; Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1494; Matter of Tristan R., 63 AD3d 1075, 1077; cf. Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 799). Moreover, the Family Court's credibility determinations are supported by the record (see Matter of D.M. [Ali T.], 138 AD3d 856, 857; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 926).
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court