Matter of Benjamin S. S. (Randy S.) (2018 NY Slip Op 05315)





Matter of Benjamin S. S. (Randy S.)


2018 NY Slip Op 05315


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-03702
 (Docket No. N-9115-15)

[*1]In the Matter of Benjamin S. S. (Anonymous). Administration for Children's Services, respondent, Randy S. (Anonymous), appellant.


Victor Knapp, Kew Gardens, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Dona B. Morris of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated March 7, 2017. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child, an infant. After a fact-finding hearing, the Family Court found that a preponderance of the evidence established that the father neglected the child by leaving him alone and unattended, and by committing acts of domestic violence against the mother in the child's presence, thereby creating an imminent danger of impairment to the child's physical condition. The father appeals.
To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise [*2]a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368).
Here, the petitioner demonstrated by a preponderance of the evidence that the father neglected the child by leaving him unattended in the mother's apartment (see Matter of Kayden H. [Kareena H.], 104 AD3d 764, 765; Matter of Samuel D.-C., 40 AD3d 853, 854), and by engaging in acts of domestic violence in the presence of the child that created an imminent danger of impairing his physical condition (see Matter of Marina Y. [Gamal Y.], 156 AD3d 894, 895; Matter of Brilliance B. [Sydell B.], 133 AD3d 652, 653; Matter of Kaleb B. [Harold S.], 119 AD3d 780, 781).
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court