■ In the Matter of SOMA H., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MOHAMMAD AMIR H., Respondent. [761 NYS2d 684] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Clark, J.), dated September 3, 2002, which, after a fact-finding hearing, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing.

A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness (see Family Ct Act § 1012 [f] [i]; Matter of Madeline R., 214 AD2d 445 [1995]). No showing of past or present harm to the child is necessary to support a finding of neglect (see Matter of Karyn D., 282 AD2d 746 [2001]; Matter of Octavia S., 255 AD2d 316 [1998]; Matter of Nassau County Dept. of Social Servs. [Raul B.] v Diane B., 231 AD2d 523 [1996]; Matter of Madeline R., supra).

Here, the uncontroverted evidence presented at the fact-finding hearing reveals that the father suffers from schizophrenia, a chronic mental disorder which is characterized by delusions. According to the testimony of his psychiatrist, the father hears voices, which sound real to him, urging him to kill people and molest children. The psychiatrist also testified that the father has experienced these auditory hallucinations on a daily basis for many years, and that the hallucinations persisted even while he was taking antipsychotic medications.

In view of the father's mental condition, the psychiatrist believed that he should not be permitted to care for the child except under the direct supervision of another adult. As both the petitioner and Law Guardian contend, this evidence was sufficient to prove, by a preponderance of the evidence, that the child is neglected within the meaning of Family Court Act § 1012 (f) (i) (*see Matter of Lewis Y.*, 293 AD2d 684 [2002]; *Matter of Octavia S., supra; Matter of Baby Boy E.*, 187 AD2d 512 [1992]). Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.