■ In the Matter of Tajani B., a Child Alleged to be Neglected. Suffolk County Department of Social Services, Respondent; Fred S., Appellant. (Proceeding No. 1.) In the Matter

of Taliq B., a Child Alleged to be Neglected. Suffolk County Department of Social Services, Respondent; Fred S., Appellant. (Proceeding No. 2.) In the Matter of Telis S., a Child Alleged to be Neglected. Suffolk County Department of Social Services, Respondent; Fred S., Appellant. (Proceeding No. 3.) [854 NYS2d 520]—

In a child protective proceeding, the party seeking to establish neglect must show, "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Dimitriy R.*, 39 AD3d 866 [2007]; Family Ct Act § 1012 [f]). A finding of neglect must be based on "competent, material and relevant evidence" (Family Ct Act § 1046 [b] [iii]). Accordingly, hearsay is inadmissible in a fact-finding hearing, unless permitted by a specific statutory provision or unless a recognized exception applies (*see Matter of Imani B.*, 27 AD3d 645, 646 [2006]).

The petitioner proved by a preponderance of the evidence that the subject children were neglected by the father (*see* Family Ct Act § 1046 [b] [i]). Here, the nonhearsay evidence presented at the hearing was sufficient to prove that the father allowed a loaded gun to be placed on a bed accessible to the mother's then three-year-old son and next to his then five-month-old daughter who was in a crib, thereby creating an imminent danger that their physical, mental, and emotional health would be harmed (*see Matter of Aminat O.*, 20 AD3d 480, 481 [2005]; Family Ct Act § 1012 [f] [i]). Additionally, the threatened harm of the loaded gun was a consequence of the father failing

to exercise a minimum degree of care in providing the children with proper supervision.

The father's remaining contentions are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.