In the Matter of SAMIHA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHANTE R., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of LOREAL R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHANTE R., Appellant, et al., Respondent. (Proceeding No. 2.) [40 NYS3d 183]—

Appeal by the mother from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated January 27, 2016. The order, after a fact-finding hearing, found that the mother neglected the child Loreal R. and derivatively neglected the child Samiha R.

Ordered that order is affirmed, without costs or disbursements.

In July of 2014, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the then eight-month-old child Loreal R. and derivatively neglected the then three-year-old child Samiha R. After a fact-finding hearing, the Family Court found that the mother neglected the child Loreal R. and derivatively neglected the child Samiha R.

Contrary to the mother's contention, the determination that she neglected the child Loreal R. was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). Where, as here, issues of credibility are presented, the hearing court's findings are accorded great deference (*see Matter of Negus T. [Fayme B.]*, 123 AD3d 836 [2014]; *Matter of China C. [Alexis C.]*, 116 AD3d 953, 954 [2014]). The hearing evidence included the testimony of a police officer who, while searching an apartment pursuant to a search warrant, found a loaded gun on the floor within "arm's length" of the child Loreal R. Under these circumstances, the Family Court correctly determined that the mother's failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship created an imminent danger that the child's physical, mental, and emotional health would be harmed (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Leah M. [Anthony M.]*, 81 AD3d 434 [2011]; *Matter of Tajani B.*, 49 AD3d 874, 875 [2008]; *Matter of Nicole H.*, 277 AD2d 380, 381 [2000]).

Furthermore, the mother's neglect of the child Loreal R. demonstrated a fundamental defect in her understanding of her parental duties sufficient to support the finding of derivative neglect with respect to the child Samiha R. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Taliya G. [Jeannie M.]*, 67 AD3d 546, 547 [2009]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.