■ In the Matter of LANIJAH J.L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OMISA C.L. et al., Appellants. (Proceeding No. 1.) In the Matter of ELIJAH W.L., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OMISA C.L. et al., Appellants. (Proceeding No. 2.) [44 NYS3d 209]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Queens County (Margaret P. McGowan, J.), dated March 31, 2014, (2) an amended order of fact-finding of that court, also dated March 31, 2014, (3) an order of disposition of that court dated April 8, 2014, and (4) an order of disposition of that court dated August 20, 2014. Separate appeal by the father from the order of disposition dated August 20, 2014. The order of fact-finding and the amended order of

fact-finding, after a hearing, found that the mother and the father neglected the subject children as a result of their mental illness and inability to care for the subject children. The order of disposition dated April 8, 2014, as to the mother, and August 20, 2014, as to the father, upon the amended order of fact-finding, inter alia, continued placement of the subject children in the custody of the Commissioner of Social Services of the City of New York and terminated parental visitation until the completion of the next permanency hearing.

Ordered that the appeals by the mother from the order of fact-finding and the amended order of fact-finding are dismissed, without costs or disbursements, as the order of fact-finding was superseded by the amended order of fact-finding, and the amended order of fact-finding was superseded by the order of disposition dated April 8, 2014, and is brought up for review on the appeal from the order of disposition dated April 8, 2014; and it is further,

Ordered that so much of the appeal by the mother from the order of disposition dated April 8, 2014, and so much of the appeal by the father from the order of disposition dated August 20, 2014, as continued placement of the subject children with the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal by the mother from the order of disposition dated August 20, 2014, is dismissed, without costs or disbursements, as the mother is not aggrieved by that order (see CPLR 5511; Matter of Unique R., 43 AD3d 446, 446-447 [2007]); and it is further,

Ordered that the order of disposition dated April 8, 2014, is affirmed insofar as reviewed on the appeal by the mother, without costs or disbursements; and it is further,

Ordered that the order of disposition dated August 20, 2014, is affirmed insofar as reviewed on the appeal by the father, without costs or disbursements.

In these proceedings pursuant to Family Court Act article 10, the Family Court issued, inter alia, an amended order of fact-finding dated March 31, 2014, in which it found that the mother and father were suffering from mental illnesses which impaired their ability to provide a minimum degree of care and supervision for the subject children. In separate orders of disposition, dated April 8, 2014 (as to the mother), and August 20, 2014 (as to the father), the court, inter alia, continued placement of the subject children with the Commissioner of

Social Services of the City of New York until the completion of the next permanency hearing.

The appeal by the mother from so much of the order of disposition dated April 8, 2014, and the appeal by the father from so much of the order of disposition dated August 20, 2014, as continued placement of the subject children with the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, must be dismissed as academic, as the period of placement has expired (*see Matter of Tayleese M.C. [Tunisha H.]*, 127 AD3d 1077, 1077 [2015]; *Matter of Kaleb B. [Harold S.]*, 119 AD3d 780, 780 [2014]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the status of the mother and the father in potential future proceedings, and thus, the appeals from so much of the two orders of disposition as determined that the subject children were neglected is not academic (*see Matter of Kaleb B. [Harold S.]*, 119 AD3d at 780-781).

"In a child protective proceeding pursuant to Family Court Act article 10, the court is not required to wait until a child has already been harmed before it enters a finding of neglect" (*Matter of Kiemiyah M. [Cassiah M.]*, 137 AD3d 1279, 1279 [2016]). A finding may be entered in the absence of actual harm when a preponderance of the evidence proves that the child's "physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; *see Matter of Soma H.*, 306 AD2d 531, 531 [2003]). Moreover, a neglect finding is proper upon proof of a causal connection between a parent's mental illness and the requisite potential harm to the child (*see Matter of Kiemiyah M. [Cassiah M.]*, 137 AD3d at 1279-1280).

Here, the finding of neglect against the mother was supported by a preponderance of the evidence which demonstrated that the physical, mental, or emotional condition of the subject children was in imminent danger of becoming impaired as a result of the mother's violent, impulsive behavior and her ongoing mental illness (*see Matter of Domaniqua H.*, 1 AD3d 438, 438 [2003]; *Matter of Madeline R.*, 214 AD2d 445, 446 [1995]). In addition, the finding of neglect against the father was supported by a preponderance of the evidence demonstrating, inter alia, that he knew or should have known about the mother's behavior and mental illness and that he failed to take the necessary steps to protect the subject children (*see Matter of Ethan A.H. [Daryl D.]*, 126 AD3d 699, 699 [2015]; *Matter of Amber Gold J. [Vanessa J.]*, 88 AD3d 1001, 1002 [2011]).

The parents' remaining contentions are without merit. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.