In the Matter of TYLER W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANICE B., Appellant. (Proceeding No. 1.) In the Matter of ORLANDO W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANICE B., Appellant. (Proceeding No. 2.) [52 NYS3d 405]—

Appeal by the mother from an order of disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated May 18, 2016. The order of disposition, upon a decision of that court dated April 19, 2016, and an order of fact-finding of that court dated May 3, 2016, made after a fact-finding hearing, finding that the mother neglected the subject children, released the children to the custody of the father.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order of disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner commenced these neglect proceedings pursuant to Family Court Act article 10 alleging that the mother's paranoid and delusional belief that she and the subject children had suffered sexual abuse by the father impaired her ability to care for the children. After a fact-finding hearing, the Family Court found that the mother had neglected the children. The mother appeals.

In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponder-

ance of the evidence that the subject children were neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Justin L. [Sandra L.]*, 144 AD3d 915 [2016]). A parent neglects his or her children when he or she "fail[s] . . . to exercise a minimum degree of care . . . in providing the child[ren] with proper supervision or guardianship" that results in impairment or "imminent danger" of impairment to the children's "physical, mental or emotional condition" (Family Ct Act § 1012 [f] [i] [B]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). "[P]roof of mental illness alone will not support a finding of neglect. The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the children" (*Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012] [citations omitted]).

Here, the petitioner established, by a preponderance of the evidence, the existence of a causal connection between the mother's mental illness and actual or potential harm to the children. The evidence established that the mother made repeated unfounded allegations of abuse against the father, necessitating that the children undergo medical examinations and interviews regarding intimate issues. Further, the mother's constant questioning of the children as to whether they had been touched made the oldest child "very sad and uncomfortable." Accordingly, the Family Court's determination that the mother neglected the children is supported by a preponderance of the credible evidence (*see Matter of Ruth Joanna O.O. [Melissa O.]*, 149 AD3d 32 [2017]; *Matter of Ava M. [Michelle E.-M.]*, 127 AD3d 975 [2015]; *Matter of Salvatore M. [Nicole M.]*, 104 AD3d 769 [2013]; *Matter of Morgan P.*, 60 AD3d 1362 [2009]). Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.