■ In the Matter of JEMIMA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; AURA M., Appellant. [56 NYS3d 563]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Queens County (Connie Gonzalez, J.), dated October 20, 2015, and (2) an order of disposition of that court dated March 11, 2016. The order of fact-finding, after a hearing, found that the mother neglected the subject child. The order of disposition placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for

review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, which was to commence on May 6, 2016, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by placing the child in imminent risk of danger due to the mother's failure to undergo treatment for her mental illness. After a fact-finding hearing, the Family Court found that the mother had neglected the child. An order of disposition was subsequently issued. The mother appeals.

The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903-904 [2017]; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 576 [2014]; Matter of Diamonte O. [Tiffany R.], 116 AD3d 866 [2014]). However, the appeal from the portion of the order of disposition which brings up for review the finding that the mother neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Justin P. [Damien P.], 148 AD3d at 904; Matter of Grayson J. [Sharon H.], 119 AD3d at 576; Matter of Diamonte O. [Tiffany R.], 116 AD3d at 867).

In a neglect proceeding, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046 [b] [i]; Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]). Where issues of credibility are presented, the hearing court's findings are accorded great deference (see Matter of Samiha R. [Shante R.], 144 AD3d 690 [2016]; Matter of Negus T. [Fayme B.], 123 AD3d 836 [2014]).

Here, the finding of neglect was supported by a preponderance of the evidence, which demonstrated that the child was at imminent risk of harm as a result of the mother's failure to maintain a prescribed treatment regimen for her mental ill-

ness (*see Matter of Michael M. [Seida S.]*, 149 AD3d 938 [2017]; *Matter of Mia C.W.D. [Tamika D.]*, 144 AD3d 1028 [2016]; *Matter of Yu F. [Fen W.]*, 122 AD3d 761, 762 [2014]; *Matter of Angel Marie L.*, 5 AD3d 773, 774 [2004]). The Family Court providently exercised its discretion in drawing a negative inference from the mother's failure to testify (*see Matter of D.S. [Shaqueina W.]*, 147 AD3d 856 [2017]). Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.