■ In the Matter of MICHAEL G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIE S.F., Appellant. (Proceeding No. 1.) In the Matter of AMANI N.S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIE S.F., Appellant. (Proceeding No. 2.) [59 NYS3d 74]—

Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated June 2, 2016. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject children and continued their placement in the kinship foster home of their paternal grandmother until the next permanency hearing on August 9, 2016.

Ordered that the appeal by the mother from so much of the order of fact-finding and disposition as continued the placement of the subject children until the next permanency hearing on August 9, 2016, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

In these proceedings pursuant to Family Court Act article 10, the Family Court issued an order of fact-finding and disposition dated June 2, 2016, in which it found that the mother was suffering from a mental illness that impaired her ability to provide a minimum degree of care and supervision for the subject children, and continued the placement of the children in the kinship foster home of their paternal grandmother.

The appeal by the mother from so much of the order of fact-finding and disposition as continued placement of the children in the kinship foster home of their paternal grandmother until the next permanency hearing must be dismissed as academic, as the period of placement has expired (see Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1077 [2015]; Matter of Kaleb B. [Harold S.], 119 AD3d 780, 780 [2014]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the status of the mother in potential future proceedings, and, thus, the appeal from so much of the order as determined that the children were neglected is not academic (see Matter of Kaleb B. [Harold S.], 119 AD3d at 780-781).

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in im-

minent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]).

The Family Court's determination that the mother neglected the children is supported by a preponderance of the evidence, which demonstrated that the children's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's mental illness (*see Matter of Faith J.*, 47 AD3d 630 [2008]). This evidence showed that the mother was hospitalized three times within a period of approximately three months for paranoid delusions, and that each episode of paranoia directly involved the children, either as the focus of the delusion or by the mother struggling to retain physical control of the children during the episode. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.