Appeals by the mother from (1) a decision of the Family Court, Suffolk County (Bernard Cheng, J.), dated January 6, 2017, and (2) an order of fact-finding and disposition (one paper) of that court dated January 12, 2017. The order of fact-finding and disposition, upon the decision, insofar as appealed from, after hearings, found that the mother neglected the subject child and placed the child in the custody of the maternal grandmother until the completion of a permanency hearing on April 3, 2017.
 

 Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
 

 Ordered that the appeal from so much of the order of fact-finding and disposition as placed the child in the custody of the maternal grandmother until the completion of the permanency hearing on April 3, 2017, is dismissed as academic, without costs or disbursements; and it is further,
 

 Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the subject child by, inter alia, requesting that the child be placed in foster care because she could not afford to care for him, while contemporaneously declining the petitioner’s offers for preventive services. Following a fact-finding hearing, at which the mother testified, the Family Court found that the mother neglected the child. The court conducted a dispositional hearing, and, on January 12, 2017, issued an order of fact-finding and disposition which, among other things, placed the child in the custody of the maternal grandmother in Georgia until the completion of a permanency hearing to be held on April 3, 2017. The mother appeals.
 

 The appeal from so much of the order of fact-finding and disposition as placed the child with the maternal grandmother until the completion of the permanency hearing to be held on April 3, 2017, must be dismissed as academic, as the period of placement has already expired (see Matter of Jemima M. [Aura M.], 151 AD3d 862, 863 [2017]; Matter of Tyonna W. [Tywanna K.L.], 149 AD3d 969, 970 [2017]). In addition, during the pendency of this appeal, the child was returned to the mother (see Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1288 [2016]; Matter of Abigail R. [Ishwardat R.], 125 AD3d 780, 781 [2015]; Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708 [2012]). Accordingly, review is limited to the Family Court’s finding of neglect (see Matter of Jemima M. [Aura M.], 151 AD3d at 863; Matter of Najad D. [Kiswana M.], 99 AD3d at 708).
 

 In a neglect proceeding, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046 [b] [i]; Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]). Where issues of credibility are presented, the hearing court’s findings are accorded great deference (see Matter of Jemima M. [Aura M.], 151 AD3d at 863; Matter of Samiha R. [Shante R.], 144 AD3d 690, 690 [2016]). Here, the finding of neglect was supported by a preponderance of the evidence, which demonstrated that the child was placed in imminent danger of harm as a result of the mother’s clear intention to abdicate her parental obligations, including her responsibility to adequately plan for the child’s needs despite being offered financial or other reasonable means to do so (see Family Ct Act § 1012 [f] [i] [A]; see generally Matter of Kimberly F. [Maria F.], 146 AD3d 562 [2017]; Matter of Joelle T [Laconia W.], 140 AD3d 513, 513 [2016]; Matter of Ariel R. [Danielle K.], 118 AD3d 1010, 1010-1011 [2014]; Matter of Shawntay S. [Stephanie R.], 114 AD3d 502 [2014]; Matter of Amondie T. [Karen S.], 107 AD3d 498, 499 [2013]; Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255, 1256-1257 [2012]).
 

 Chambers, J.P., Cohen, Barros and Christopher, JJ., concur.