Appeal from an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated March 10, 2016. The order, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
 

 Ordered that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
 

 In this proceeding pursuant to Family Court Act article 10, the Family Court issued an order of fact-finding dated March 10, 2016, in which it found, inter alia, that the mother neglected the subject child on the ground that she suffered from a mental illness that impaired her ability to provide a minimum degree of care and supervision for the child. The mother appeals.
 

 “A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590-591 [2017] [internal quotation marks and brackets omitted]; see Family Ct Act § 1012 [f] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Mental illness means “an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act” (Social Services Law § 384-b [6] [a]). “Proof of mental illness alone will not support a finding of neglect. The evidence must establish a causal connection between the parent’s condition, and actual or potential harm to the children” (Matter of Tyler W. [Janice B.], 149 AD3d 968, 969 [2017] [internal quotation marks and brackets omitted]; see Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784 [2017]; Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640 [2012]). Where issues of credibility are presented, the hearing court’s findings are accorded great deference (see Matter of Jemima M. [Aura M.], 151 AD3d 862, 863 [2017]; Matter of Samiha R. [Shante R.], 144 AD3d 690 [2016]; Matter of Negus T. [Fayme B.], 123 AD3d 836 [2014]).
 

 Here, the Family Court’s finding that the mother neglected the child is supported by a preponderance of the evidence, which demonstrated that the child’s physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother’s mental illness (see Matter of Michael G. [Marie S.F.], 152 AD3d 590 [2017]; Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784 [2017]; Matter of Joseph A. [Fausat O.], 91 AD3d at 640). The evidence demonstrated that the mother had a long history of psychological disturbances and hospitalizations, and that she did not comply with recommended medications and psychotherapy. The evidence also showed that the mother’s bizarre behavior directly involved the child and created dangerous conditions within the household.
 

 Dillon, J.P., Austin, Sgroi and Barros, JJ., concur.