Matter of Bella S. (Sarah S.) (2018 NY Slip Op 01069)





Matter of Bella S. (Sarah S.)


2018 NY Slip Op 01069


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-10291
 (Docket No. N-27073-15)

[*1]In the Matter of Bella S. (Anonymous). Administration for Children's Services, petitioner- respondent; Sarah S. (Anonymous), appellant, et al., respondent.


Catherine S. Bridge, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Julie Steiner of counsel), for petitioner-respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler, Sara H. Reisberg, and Amy Serlin of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated September 15, 2016. The order, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is reversed, on the law, without costs or disbursements, the petition is denied insofar as asserted against the mother, the proceeding is dismissed insofar as asserted against her, and an order of disposition of the same court dated November 16, 2016, is vacated.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 on October 22, 2015, following the subject child's birth on September 15, 2015. The petition alleged that the mother had been diagnosed with bipolar disorder and other mental illness for which she was not receiving adequate mental health treatment, and that she was observed to be "manic" and suffering from "mood swings" while visiting with the child in the hospital following the child's birth. After a hearing, the Family Court issued an order of fact-finding in which it found that the mother neglected the child by failing to obtain mental health treatment other than taking medication prescribed to her by a psychiatrist, whom the court described as operating a "prescription mill." The mother appeals.
In a child protective proceeding, the burden is on the petitioner to prove neglect or abuse by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). " A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness'" (Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799, quoting Matter of Soma H., 306 AD2d 531, 531; accord Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674). " Proof of ongoing mental illness and the failure to follow through with aftercare medication'" is a sufficient basis for a finding of neglect where such [*2]failure " results in a parent's inability to care for [his or] her child in the foreseeable future'" (Matter of Nialani T. [Elizabeth B.], 125 AD3d at 674, quoting Matter of Essence, 283 AD2d 652, 653). "However, proof of mental illness alone will not support a finding of neglect'; the evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]'" (Matter of Alexis S.G. [Shanese B.], 107 AD3d at 799, quoting Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640; accord Matter of Jonathan H. [Tamika Q.], 156 AD3d 786; Matter of Nialani T. [Elizabeth B.], 125 AD3d at 674; see Matter of Tomieke Y., 32 AD3d 1041, 1042; Matter of Soma H., 306 AD2d 531).
Here, the petitioner failed to establish that the mother received inadequate psychiatric treatment for her mental illness, or that her alleged untreated mental illness placed the child at imminent risk of harm. The evidence demonstrated that the mother, who was homeless at the time that she became pregnant and had relapsed into using heroin just a few months earlier, managed to obtain housing at a shelter for high-risk pregnant women, sought out appropriate prenatal care which included visits with a social worker, maintained compliance with a methadone treatment program which included weekly counseling sessions, and regularly took the psychotropic medications that were being prescribed to her by a licensed psychiatrist. The evidence also indicated that the mother interacted appropriately with the child in the hospital following the child's birth (cf. Matter of Jonathan H. [Tamika Q.], 156 AD3d 786; Matter of Jemima M. [Aura M.], 151 AD3d 862). The petitioner failed to present competent medical evidence that the treatment the mother was receiving failed to address her mental health needs or was otherwise improper in light of her mental health history (see Matter of Joseph A. [Fausat O.], 91 AD3d at 640).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court