Matter of Nialani T. (Elizabeth B.) (2018 NY Slip Op 06019)





Matter of Nialani T. (Elizabeth B.)


2018 NY Slip Op 06019


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07270
2017-07271
 (Docket Nos. N-2385-15, N-5770-15)

[*1]In the Matter of Nialani T. (Anonymous). Administration for Children's Services, respondent; Elizabeth B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Aarielis G. T. (Anonymous). Administration for Children's Services, respondent; Elizabeth B. (Anonymous), appellant. (Proceeding No. 2)


Jill M. Zuccardy, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Diana Lawless of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In two related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated March 28, 2016, and (2) an order of disposition of the same court dated June 9, 2017. The order of fact-finding, after a hearing, determined that the mother had neglected the subject children. The order of disposition, insofar as appealed from, after a hearing, directed the mother to comply with medication management as recommended by her mental health service providers.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is modified, on the facts, by deleting the provision thereof directing the mother to comply with medication management as recommended by her mental health service providers, and substituting therefor a provision directing the mother to cooperate with medication management as recommended by her mental health providers; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
In 2015, the Administration for Children's Services (hereinafter ACS) filed neglect petitions against the mother, alleging that she suffered from a mental illness which impaired her ability to care for the subject children. After a fact-finding hearing, the Family Court found that the mother neglected the subject children as a result of her ongoing mental illness and failure to comply with recommended medication and treatment. After a dispositional hearing, the court, inter alia, directed the mother to comply with medication management as recommended by her mental health service providers.
Mental illness means "an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act" (Social Services Law § 384-b[6][a]). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759; see Matter of Jonathan H. [Tamika Q.], 156 AD3d 786, 787; Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799). Rather, the petitioner must adduce evidence sufficient to "establish a causal connection between the parent's condition, and actual or potential harm to the [child]" (Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640; see Matter of Tyler W. [Janice B.], 149 AD3d 968, 969; Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784, 786).
As the Family Court found, ACS established, by a preponderance of the evidence, that the mother neglected the subject children (see Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691; Matter of Sa'Fiyah D. [Mahogany R.], 158 AD3d 415, 415; Matter of Jonathan H. [Tamika Q.], 156 AD3d at 787-788; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863). Although, in a prior proceeding commenced by ACS against the mother involving one of the subject children, Nialani T., this Court determined that ACS failed to establish the existence of a causal connection between the mother's mental illness and actual or potential harm to Nialani T. (see Matter of Nialani T. [Elizabeth B.], 125 AD3d 672), here, there was evidence in the record that the mother lacked insight into her ongoing mental illness and psychiatric hospitalizations and that her refusal to cooperate with the prescribed treatment placed the children at imminent risk of harm. Contrary to the mother's contention, the Family Court's credibility determinations were supported by the record and will not be disturbed (see Matter of Asher M. [Orton M.], 158 AD3d 766, 767; Matter of Ariel R. [Danielle K.], 118 AD3d 1010, 1010).
Moreover, the mother's contention that the Family Court acted in excess of its jurisdiction or violated her constitutional right to direct her own medical treatment when it directed that she comply with medication management recommended by her mental health service providers is without merit, since the court did not order the forcible administration of medication (see 22 NYCRR 205.83[a][5]; Matter of Caleb L., 287 AD2d 831, 832; cf. Matter of Renee L., 166 AD2d 448, 448-449). However, we clarify the order of disposition by directing that the mother is to cooperate with medication management as recommended by her mental health service providers.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court