Matter of Barry D. (Katrina B.) (2019 NY Slip Op 08669)





Matter of Barry D. (Katrina B.)


2019 NY Slip Op 08669


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-12553 
2018-12558
 (Docket No. N-23691-16)

[*1]In the Matter of Barry D. (Anonymous). Administration for Children's Services, petitioner-respondent, Katrina B. (Anonymous), respondent-appellant, et al., respondent.


Elliot Green, Brooklyn, NY, for respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Antonella Karlin of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Katrina B. appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated July 11, 2018, and (2) an order of disposition of the same court (Joan L. Piccirillo, J.), dated September 7, 2018. The order of fact-finding, insofar as appealed from, after a hearing, found that Katrina B. neglected the subject child. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, directed that the child be placed in the custody of the Commissioner of Social Services until the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as directed that the child be placed in the custody of the Commissioner of Social Services is dismissed as academic, without costs or disbursements, except insofar as it brings up for review so much of the fact-finding order as determined that Katrina B. neglected the child; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as directed that the child be placed in the custody of the Commissioner of Social Services until the completion of the next permanency hearing is academic as additional permanency hearings have thereafter been held (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580).
"In order to establish neglect, a petitioner must establish, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Meeya P. [Anthony C.], 167 AD3d 1018, 1019). Here, the petitioner established by a preponderance of the evidence that Katrina B. failed to provide the child with proper supervision causing imminent risk of impairment to the child's physical, mental, or emotional condition (see Matter of Alan B., 267 AD2d 306, 307; Matter of Kyle T., 255 AD2d 945, 945). Accordingly, we affirm the order of disposition insofar as reviewed.
Katrina B.'s remaining contention is without merit (see Matter of Sicurella v Embro, 31 AD3d 651, 651).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court