Matter of Henry B. (Cynthia M.) (2020 NY Slip Op 00854)





Matter of Henry B. (Cynthia M.)


2020 NY Slip Op 00854


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-00784
2019-00785
 (Docket Nos. N-25474-17, N-25475-17)

[*1]In the Matter of Henry B. (Anonymous), Jr. Administration for Children's Services, respondent; Cynthia M. (Anonymous), appellant. (Proceeding No.1.)
In the Matter of Trinity C. (Anonymous). Administration for Children's Services, respondent; Cynthia M. (Anonymous), appellant. (Proceeding No. 2.)


Melissa C. R. Chernosky, Port Washington, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Deborah E. Wassel of counsel), for respondent.
Allan D. Shafter, Port Washington, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Margaret Morgan, J.), dated November 15, 2018, and (2) an order of disposition of the same court dated December 17, 2018. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, released the child Henry B. to the custody of the non-respondent father with supervision of a child protective agency, social services official, or duly authorized agency for a period of one year, and continued the placement of the child Trinity C. in the custody of the petitioner Administration for Children's Services until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the child Henry B. to the custody of the non-respondent father with supervision of a child protective agency, social services official, or duly authorized agency for a period of one year, and the continued placement of the child Trinity C. in the custody of the petitioner Administration for Children's Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements, except insofar as it brings up for review so much of the fact-finding order [*2]as determined that the mother neglected the subject children; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children as a result of her mental illness. After a fact-finding hearing, the Family Court found that the mother failed to exercise a minimum degree of care of the children and that the children were neglected. In the order of disposition, the court, inter alia, directed the release of the child Henry B. to the custody of the non-respondent father with supervision of a child protective agency, social services official, or duly authorized agency for a period of one year, and continued the placement of the child Trinity C. in the custody of ACS until the completion of the next permanency hearing. The mother appeals from the orders of fact-finding and disposition.
The appeal from so much of the order of disposition as directed the supervised release of the child Henry B. to the custody of the non-respondent father for a period of one year must be dismissed as academic, as that portion of the order has expired (see Matter of Louise M.L. [Melinda M.T.], 137 AD3d 915). Similarly, the appeal from so much of the order of disposition as continued the placement of the child Trinity C. in the custody of ACS until the completion of the next permanency hearing is also academic, as additional permanency hearings have thereafter been held (see Matter of Barry D. [Katrina B.],___AD3d___, 2019 NY Slip Op 08669; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045). "However, the appeal from the portion of the order of disposition which brings up for review the finding that the mother neglected the child[ren] is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings" (Matter of Jemima M. [Aura M.], 151 AD3d 862, 863; see Matter of Michael G. [Marie S.F.], 152 AD3d 590).
"[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368; see Matter of Afton C. [James C.], 17 NY3d 1, 9; Matter of Nialani T. [ Elizabeth B.], 125 AD3d 672, 674; Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799). While evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may support a neglect determination "when the proof further demonstrates that the parent's condition creates an imminent risk of physical mental, or emotional harm to the child" (Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246; Matter of Jonathan H. [Tamika Q.], 156 AD3d 786, 787; Matter of Tyler W. [Janice B.], 149 AD3d 968, 969; Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279-1280; Matter of Alexis S.G. [Shanese B.], 107 AD3d at 799).
Here, the evidence adduced at the fact-finding hearing established, by a preponderance of evidence, that the mother suffered from a mental illness and that the physical, mental, or emotional condition of the children was in imminent danger of becoming impaired as a result of such illness (see Matter of Nialani T. [Elizabeth B.], 164 AD3d at 1246; Matter of Jemima M. [Aura M.], 151 AD3d at 863; Matter of Kiemiyah M. [Cassiah M.], 137 AD3d at 1279-1280). Moreover, contrary to the mother's contention, the Family Court providently exercised its discretion in drawing a negative inference against her since she did not testify at the fact-finding hearing (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 947; Matter of Jemima M. [Aura M.], 151 AD3d at 864).
Accordingly, we agree with the Family Court's determination that the mother neglected the children.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court