Matter of Angelina G. (Angel G.) (2023 NY Slip Op 05132)

Matter of Angelina G. (Angel G.)

2023 NY Slip Op 05132

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09774 
2022-09777
 (Docket No. N-136-21)

[*1]In the Matter of Angelina G. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Angel G. (Anonymous), appellant, et al., respondent.

Lisa A. Manfro, Glen Cove, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Linda M. Capitti, J.), dated August 3, 2022, and (2) an order of disposition of the same court dated November 4, 2022. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding, after a dispositional hearing, and upon the father's failure to appear at the dispositional hearing, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York until completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest below (see CPLR 5511); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child. After a fact-finding hearing, the Family Court found that the father neglected the child. Subsequently, after a dispositional hearing, at which the father failed to appear, the court, among other things, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father appeals.
Since the order of disposition appealed from was made upon the father's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 931; Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621). Moreover, any challenge to the order of disposition would be academic inasmuch as the order has expired by its own terms (see Matter of Yu F. [Fen W.], 122 AD3d 761, 762). Accordingly, on these appeals, our review is limited to the finding that the father neglected the child.
In a neglect proceeding, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046[b][i]; Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863). Here, the Family Court properly found that the father neglected the child. In particular, a preponderance of the evidence established that the child's physical, mental, and emotional condition was impaired or was in danger of becoming impaired by the father's failure to provide the subject child with proper supervision and guardianship (see Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029; Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784, 786), his failure to provide the child with adequate shelter (see Matter of Antonio T. [Franklin T.], 169 AD3d 699, 701; see generally Matter of Mariah C. [Frey C.-M.], 84 AD3d 1372, 1372-1373), and his commission of an act of domestic violence in the child's presence (see Matter of Sage H. [Lovette H.], 204 AD3d 795, 796-797; Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047-1048). Contrary to the father's contention, the court's credibility findings are supported by the record and, as such, are entitled to great deference and will not be disturbed (see Matter of Maurice M. [Suzanne H.], 158 AD3d at 691; Matter of Jemima M. [Aura M.], 151 AD3d at 863).
The father waived his contention that the Family Court erred in relying on certain statements made by the child's mother, as set forth in her hospital records, in support of the court's finding that the father committed an act of domestic violence in the child's presence. In any event, even if the father had not waived this contention, it is without merit (see Family Ct Act § 1046[b][iii]; People v Ortega, 15 NY3d 610; see also Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 947-948).
The father's contentions that the Family Court deprived him of fundamental fairness by conducting the fact-finding hearing virtually are unpreserved for appellate review and, in any event, either partially based on matter dehors the record or without merit (cf. Matter of Dustin H., 40 AD3d 995, 996).
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court