Matter of Tristan S. (Stan S.)

2026 NY Slip Op 01970

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Tristan S. (Anonymous). Administration for Children's Services, respondent; Stan S. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-01909, (Docket No. N-12525-23)

Lara J. Genovesi, J.P.

Barry E. Warhit

Donna-Marie E. Golia

Phillip Hom, JJ.

Center for Family Representation, Inc., Jamaica, NY (Tehra Coles and Mahum Shabir of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and ZoË Allen of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated January 15, 2025. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated October 15, 2024, made after a fact-finding hearing, finding that the father neglected the subject child.

ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

In August 2023, the Administration for Children's Services (hereinafter ACS) commenced this neglect proceeding pursuant to Family Court Act article 10. ACS alleged that the father had neglected the subject child due to mental illness and was "currently exhibiting bizarre behavior which impair[ed] his ability to care for" the child. After a fact-finding hearing, the Family Court found that the father neglected the child as alleged in the petition.

"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 822-823 [internal quotation marks omitted]; see Matter of Samynee L. [Tashae T.], 243 AD3d 569, 570). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246 [internal quotation marks omitted]; see Matter of Bethany R. [Bethmarie R.], 202 AD3d 690, 692). "[S]uch evidence may support a neglect determination 'when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child'" (Matter of Henry B. [Cynthia M.], 180 AD3d 667, 669, quoting Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). "A finding [of neglect] may be entered even in [*2]the absence of actual harm when a preponderance of the evidence proves that the child's 'physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care'" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279-1280, quoting Family Ct Act § 1012[f][i]; see Matter of Zaria P. [Sade G.], 240 AD3d 699, 701; Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 932).

Here, contrary to the father's contention, the Family Court's finding of neglect was supported by a preponderance of the evidence. The evidence presented at the fact-finding hearing demonstrated a causal connection between the father's mental illness and the risk of potential and imminent harm to the child (see Matter of Justin Noah O. [Ruth S.], 239 AD3d 983, 983-984; Matter of Wynter V. [Felitta V.], 230 AD3d 505, 506; Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161).

Accordingly, the Family Court properly found that the father neglected the child.

GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court