Matter of Sophia T. (Luke T.)

2026 NY Slip Op 02409

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sophia T. (Anonymous). Administration for Children's Services, petitioner- respondent; Luke T. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)

In the Matter of Ezra T. (Anonymous). Administration for Children's Services, petitioner- respondent; Luke T. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-08929, 2024-08930, (Docket Nos. N-5694-22, N-5695-22)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Larry Bachner, New York, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Jonathan Schoepp-Wong of counsel), for petitioner-respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated July 31, 2024, and (2) an order of disposition of the same court dated September 4, 2024. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject children. The order of disposition, upon the order of fact-finding, after a dispositional hearing, and upon the father's failure to appear at the dispositional hearing, inter alia, released the children to the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing.

ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

ORDERED that the appeal from the order of disposition is dismissed, without costs and disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Justyn H. [Laverne H.], 191 AD3d 876, 876); and it is further,

ORDERED that the order of disposition is affirmed insofar as reviewed, without costs [*2]or disbursements.

Since the order of disposition was made upon the father's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Justyn H. [Laverne H.], 191 AD3d 876, 876; Matter of Yu F. [Fen W.], 122 AD3d 761, 762). Moreover, any challenge to the order of disposition would be academic inasmuch as the order has expired by its own terms (see Matter of Angelina G. [Angel G.], 220 AD3d 773, 774). Accordingly, review is limited to the Family Court's finding that the father neglected the subject children.

The Administration for Children's Services (hereinafter the agency) commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the children. Following a fact-finding hearing, in an order of fact-finding dated July 31, 2024, the Family Court found that the father neglected the children. After a dispositional hearing at which the father failed to appear, the court issued an order of disposition dated September 4, 2024, inter alia, releasing the children to the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing. The father appeals.

"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 822-823 [internal quotation marks omitted]; see Matter of Samynee L. [Tashae T.], 243 AD3d 569, 570). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246 [internal quotation marks omitted]; see Matter of Bethany R. [Bethmarie R.], 202 AD3d 690, 692). "[S]uch evidence may support a neglect determination 'when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child'" (Matter of Henry B. [Cynthia M.], 180 AD3d 667, 669, quoting Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). "A finding [of neglect] may be entered even in the absence of actual harm when a preponderance of the evidence proves that the child's 'physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care'" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279, quoting Family Ct Act § 1012[f][i]; see Matter of Zaria P. [Sade G.], 240 AD3d 699, 701).

Here, the agency demonstrated, by a preponderance of the evidence, that the father's lack of insight into his ongoing mental health issues (see Matter of Precise M. [Tawana M.], 215 AD3d 680, 681; Matter of Anthony A.R. [Taicha P.], 188 AD3d 697, 698-699) and his bizarre and irrational behavior (see Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161; Matter of Jonathan H. [Tamika Q.], 156 AD3d 786, 787-788) placed the children at imminent risk of harm.

The father's remaining contention is without merit.

Accordingly, the Family Court properly found that the father neglected the children.

GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court