Matter of Juliette R. (Jordan R.T.) (2022 NY Slip Op 01916)





Matter of Juliette R. (Jordan R.T.)


2022 NY Slip Op 01916


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.


183 CAF 19-01743

[*1]IN THE MATTER OF JULIETTE R. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JORDAN R.T., RESPONDENT-APPELLANT. (APPEAL NO. 2.)






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered September 6, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed respondent under the supervision of petitioner for a period of one year. 
It is hereby ORDERED that said appeal insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order entered after a fact-finding hearing that, inter alia, adjudicated that he neglected the subject child. In appeal No. 2, the father appeals from an order of disposition that, among other things, placed the father under the supervision of petitioner for one year and released the child to the custody of non-respondent mother.
As an initial matter, the father's appeal from the order in appeal No. 1 must be dismissed inasmuch as the appeal from the dispositional order in appeal No. 2 brings up for review the propriety of the fact-finding order in appeal No. 1 (see Matter of Lil B. J.-Z. [Jessica N.J.] [appeal No. 2], 194 AD3d 1413, 1413-1414 [4th Dept 2021]; Matter of Jaime D. [James N.] [appeal No. 2], 170 AD3d 1524, 1525 [4th Dept 2019], lv denied 34 NY3d 901 [2019]). Further, the father's appeal from the order in appeal No. 2 insofar as it concerns the disposition must be dismissed as moot because that part of the order has expired by its terms (see Lil B. J.-Z., 194 AD3d at 1414; Jaime D., 170 AD3d at 1525; Matter of Gabriella G. [Jeannine G.], 104 AD3d 1136, 1136 [4th Dept 2013]). The father "may nevertheless challenge the underlying neglect adjudication because it constitutes a permanent stigma to a parent and may, in future proceedings, affect a parent's status" (Jamie D., 170 AD3d at 1525 [internal quotation marks omitted]).
Contrary to the father's contention with respect to the neglect adjudication, we conclude that petitioner established by a preponderance of the evidence that the child's physical, mental or emotional condition had been or was "in imminent danger of becoming impaired as a result of the failure of [the father] . . . to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; see generally Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). Petitioner established that the father "made repeated unfounded allegations of sexual [and physical] abuse . . . , necessitating that the child[ ] undergo medical examinations and interviews regarding intimate issues" (Matter of Tyler W. [Janice B.], 149 AD3d 968, 969 [2d Dept 2017]; see Matter of Leilani D. [Linsford D.], 190 AD3d 478, 478 [1st Dept 2021]; Matter of Elizabeth W. [Theresa W.], 74 AD3d 1787, 1788 [4th Dept 2010], lv denied 16 NY3d 704 [2011]; Matter of Morgan P., 60 AD3d 1362, 1362 [4th Dept 2009]) and that the father inappropriately questioned the child about the alleged abuse (see Tyler W., 149 AD3d at 969).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court