■ In the Matter of NIALANI T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH B., Appellant. [2 NYS3d 581]—

Appeals from (1) an order of fact-finding of the Family Court,

Queens County (John M. Hunt, J.), dated December 12, 2013, and (2) an order of disposition of that court, dated December 17, 2013. The order of fact-finding, after a hearing, determined that the mother had neglected the subject child. The order of disposition, after a hearing, inter alia, continued placement of the subject child in the custody of the maternal grandmother.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as it was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding is vacated, and the proceeding is dismissed.

In this child protective proceeding it was alleged that the mother of the subject child, who was then two years old, engaged in bizarre behavior that resulted in the mother's visit to the emergency room of Beth Israel Medical Center (hereinafter Beth Israel) on April 11, 2013. During her stay at Beth Israel, the mother was placed in restraints and given medication. She was released the next day. It was further alleged that the mother was admitted to Woodhull Medical Center (hereinafter Woodhull) on April 21, 2013. Upon the commencement of this proceeding, the Family Court placed the child in the custody of the maternal grandmother, with whom the child and the mother had been residing for approximately nine days, and determined that the mother could continue to reside with them.

At the fact-finding hearing, Dr. Efe Edhomeriegue, the mother's treating psychiatrist at Woodhull, testified that, prior to her admission to Woodhull, the mother "had been functioning at a fairly high level, adequate level." The doctor opined that the mother's illness from April 11, 2013, through her stay at Woodhull was a single episode, and that her future prognosis was "fair," given that "this was her first illness or episode." Dr. Edhomeriegue testified that the severity of the mother's condition was "moderate," "she was on the unit very briefly and responded to treatment pretty well," and she was compliant with treatment once Dr. Edhomeriegue explained the benefits of the medications to her and advised her that her hospitalization would be prolonged if she refused to comply with treatment.

The maternal grandmother, who was the main impetus behind the mother's hospitalizations, conceded on cross-examination that the mother's care for the child both during and after her hospitalizations was appropriate and that she was able to meet the child's needs.

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). "[A] party seeking to establish neglect must show . . . first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]).

" 'A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness' " (*Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799, 799 [2013], quoting *Matter of Soma H.*, 306 AD2d 531, 531 [2003]; *see* Family Ct Act § 1012 [f] [i]). "However, 'proof of mental illness alone will not support a finding of neglect'; the evidence 'must establish a causal connection between the parent's condition, and actual or potential harm to the children' " (*Matter of Alexis S.G. [Shanese B.]*, 107 AD3d at 799, quoting *Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]; *see Matter of Soma H.*, 306 AD2d at 531).

Here, based on our evaluation of the record, and giving deference to the Family Court's credibility determinations (*see Matter of Victoria P. [Victor P.]*, 121 AD3d 1006, 1006 [2014]; *Matter of Sal D.*, 307 AD2d 261, 262 [2003]), we find that the petitioner failed to establish, by a preponderance of the evidence, the existence of a causal connection between the mother's mental illness and actual or potential harm to the subject child (*see Matter of Alexis S.G. [Shanese B.]*, 107 AD3d at 799-800; *Matter of Joseph A. [Fausat O.]*, 91 AD3d at 640; *Matter of Tomieke Y.*, 32 AD3d 1041, 1042 [2006]). There was no evidence that the mother ever failed to properly care for the child or provide the child with adequate food, clothing or shelter. Rather, the evidence indicated that the child was a healthy, active and intelligent two year old.

"Proof of ongoing mental illness and the failure to follow through with aftercare medication, which results in a parent's inability to care for her child in the foreseeable future, is a sufficient basis for a finding of neglect" (*Matter of Essence V.*, 283 AD2d 652, 653 [2001]). Here, although there was evidence that the mother stopped taking medication after her discharge from Beth Israel, the evidence was insufficient to establish that the mother was unable to care for the child during that period. Dr.

Edhomeriegue's testimony that "it would be difficult" for the mother to care for others without medication, given that "she was not functioning at optimum," does not satisfy the petitioner's burden of proof. "Notably, the statutory test is minimum degree of care—not maximum, not best, not ideal" (*Nicholson v Scoppetta*, 3 NY3d at 370 [internal quotation marks and emphasis omitted]). Moreover, there was insufficient evidence that the mother's discontinuance of the medication prescribed to her at Beth Israel constituted an unequivocal refusal to comply with treatment. The evidence adduced at the fact-finding hearing otherwise demonstrated that the mother attended hospital appointments and complied with treatment.

Therefore, we reverse the order of disposition, vacate the order of fact-finding, and dismiss the proceeding. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.