■ In the Matter of JUSTIN L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SANDRA L., Appellant. [41 NYS3d 277]—

Appeal by the mother from an order of fact-finding of the Family Court, Kings County (Daniel Turbow, J.), dated March 9, 2015. The order, after a fact-finding hearing, found that the mother neglected the subject child.

Ordered that the order of fact-finding is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother exhibited bizarre and delusional behavior that impaired her ability to care for the subject child. After a fact-finding hearing, the Family Court found that the mother had neglected the child because her behavior indicated that she suffered from a mental illness that placed the child at risk of emotional harm. The mother appeals.

In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046 [b] [i]; Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799 [2013]). "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [citation omitted]; see Matter of Afton C. [James C.], 17 NY3d at 9; Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674 [2015]; Matter of Alexis S.G. [Shanese B.], 107 AD3d at 799). Although a finding of neglect may be predicated upon proof that a child's mental, physical, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness, "proof of mental illness alone will not support a finding of neglect" (Matter of Alexis S.G. [Shanese B.], 107 AD3d at 799 [internal quotation marks omitted]; see Matter of Nialani T. [Elizabeth B.], 125 AD3d at 674).

Here, the Family Court's finding of neglect was not supported by a preponderance of the evidence (see Family Ct Act § 1046

[b] [i]). The petitioner failed to sustain its burden of proving that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's behavior (*see Matter of I.A. [Devona H.]*, 132 AD3d 757, 758 [2015]; *Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]). To the contrary, the evidence showed that the child was healthy, athletic, and doing well in school while in the mother's care (*see Matter of Joseph A. [Fausat O.]*, 91 AD3d at 640).

In light of the foregoing, we need not address the mother's remaining contentions.

Accordingly, the Family Court should have denied the petition and dismissed the proceeding. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.