■ In the Matter of JAURELIOUS G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; GWENDOLYN J., Respondent. (Proceeding No. 1.) In the Matter of JAMAKIE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; GWENDOLYN J., Respondent. (Proceeding No. 2.) In the Matter of JAZLINNE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; GWENDOLYN J., Respondent. (Proceeding No. 3.) [48 NYS3d 746]—

Appeal by the petitioner from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated August 3, 2016. The order, after a fact-finding hearing, dismissed petitions alleging, inter alia, that the mother neglected the subject children as a result of mental illness. By decision and order on motion of this Court dated September 2, 2016, enforcement of certain portions of the order was stayed pending hearing and determination of the appeal.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner commenced these neglect proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the subject children as a result of her mental illness. After a fact-finding hearing, where evidence of the mother's mental illness, her ongoing treatment for her mental illness, and the condition of the children was admitted, the Family Court dismissed the proceedings on the ground that neglect was not established. The petitioner appeals.

In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Justin L. [Sandra L.]*,

144 AD3d 915 [2016]). "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see Matter of Justin L. [Sandra L.]*, 144 AD3d at 915). Although a finding of neglect may be predicated upon proof that a child's mental, physical, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness, "proof of mental illness alone will not support a finding of neglect" (*Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799, 799 [2013] [internal quotation marks omitted]; *see Matter of Nialani T. [Elizabeth B.]*, 125 AD3d 672, 674 [2015]).

Here, the petitioner failed to sustain its burden of proving by a preponderance of the evidence that the children's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's mental illness (*see Matter of Justin L. [Sandra L.]*, 144 AD3d at 916; *Matter of Nialani T. [Elizabeth B.]*, 125 AD3d at 674; *Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]). The evidence showed that the children were healthy and well cared for by the mother (*see Matter of Justin L. [Sandra L.]*, 144 AD3d at 916; *Matter of Nialani T. [Elizabeth B.]*, 125 AD3d at 674; *Matter of Joseph A. [Fausat O.]*, 91 AD3d at 640). Accordingly, the Family Court properly dismissed the neglect petitions. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.