Matter of Geoffrey D. (Everton D.) (2018 NY Slip Op 01185)





Matter of Geoffrey D. (Everton D.)


2018 NY Slip Op 01185


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-01225
2017-01226
 (Docket Nos. N-18607-14, N-18608-14)

[*1]In the Matter of Geoffrey D. (Anonymous). Administration for Children's Services, respondent; Everton D. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Kyle D. (Anonymous). Administration for Children's Services, respondent; Everton D. (Anonymous), appellant. (Proceeding No. 2)


Robert Marinelli, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Kathy Park and Jason Anton of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne Mitchell, Judith Stern, and Sherine Skariah of counsel), attorney for the children.



DECISION & ORDER
Appeals from an order of protection of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated December 19, 2016, and an order of disposition of that court dated December 22, 2016. The order of protection directed the father, inter alia, to stay away from the subject children, except for supervised visitation, until and including March 3, 2017. The order of disposition, upon a finding that the father neglected the child Kyle D., made after a fact-finding hearing, and after a dispositional hearing, inter alia, released the child Kyle D. to the custody of the mother and limited the father's contact with the subject children to supervised visitation.
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the finding of neglect is vacated, the neglect petition in proceeding No. 2, pertaining to the child Kyle D., is denied, and that proceeding is dismissed; and it is further,
ORDERED that the order of protection is reversed, on the law, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related neglect proceedings against the father, alleging that he suffered from a mental illness which impaired his ability to care for the subject children. After a fact-finding hearing, the Family Court [*2]found that ACS established that the father neglected the child Kyle D. by creating a potential of harm to Kyle as a result of the father's ongoing mental illness. After a dispositional hearing, the Family Court, inter alia, released Kyle to the custody of his mother and limited the father's contact with the children to supervised visitation. In addition, the court issued an order of protection directing the father, inter alia, to stay away from the children, except for supervised visitation, until and including March 3, 2017. The father appeals.
Although the order of protection expired by its own terms, the appeal from that order has not been rendered academic (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673).
In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046[b][i]; Matter of Justin L. [Sandra L.], 144 AD3d 915). A neglected child is a child less than 18 years old "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012[f][i][B]).
While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect (see Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674; Matter of Alexis S.G. [Shanese B.], 107 AD3d 799; Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640). Rather, the petitioner must adduce evidence sufficient to "establish a causal connection between the parent's condition, and the actual or potential harm to the [child]" (Matter of Joseph A. [Fausat O.], 91 AD3d at 640).
In this case, we agree with the father and the attorney for the children that ACS failed to establish that there was a causal connection between the father's mental illness and any actual or potential harm to Kyle (see Matter of Nialani T. [Elizabeth B.], 125 AD3d at 674). The evidence did not establish that the father's mental illness, for which he was receiving treatment, precluded him from being able to care for Kyle, or placed Kyle's physical, mental, or emotional condition in imminent danger of becoming impaired (see Matter of Justin L. [Sandra L.], 144 AD3d at 916; Matter of Joseph A. [Fausat O.], 91 AD3d at 640).
Accordingly, we vacate the finding of neglect, and the order of disposition and the order of protection, which were predicated upon that finding, must be reversed.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court