Matter of Kamryn C. (Pedro M.) (2019 NY Slip Op 00869)





Matter of Kamryn C. (Pedro M.)


2019 NY Slip Op 00869


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2018-05269
 (Docket Nos. N-2511-16, N-2511-16)

[*1]In the Matter of Kamryn C. (Anonymous). Administration for Children's Services, respondent; Pedro M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Josiah B. M. (Anonymous). Administration for Children's Services, respondent; Pedro M. (Anonymous), appellant. (Proceeding No. 2)


Mark Brandys, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Elina Druker of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Ben Darvil, Jr., J.), dated April 9, 2018. The order, after a hearing, found that the father neglected the child Josiah B. M., and derivatively neglected the child Kamryn C.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
On October 7, 2016, the Administration for Children's Services (hereinafter ACS) filed two petitions against the father, alleging that he neglected his seven-month-old son, Josiah B. M., and derivatively neglected Kamryn C., for whom he was legally responsible. The petitions alleged, inter alia, that on October 4, 2016, the father forced his way into the home where the children lived, took Josiah into his arms, and physically attacked both the children's uncle and the children's mother while he held Josiah. The petition further alleged that Josiah sustained injuries during the course of the altercation. Following a hearing, the Family Court issued an order of fact-finding, which, inter alia, found that the father neglected Josiah and derivatively neglected Kamryn. The father appeals.
Pursuant to Family Court Act § 1012(f)(i)(B), a child is neglected when his or her physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, as a result of a parent's failure to exercise a minimum degree of care "in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted [*2]harm, or a substantial risk thereof." The statute imposes two requirements for a finding of neglect, which the petitioner in a child protective proceeding has the burden of proving by a preponderance of the evidence (see Matter of Afton C. [James C.], 17 NY3d 1, 9; Matter of Jaurelious G. [Gwendolyn J.], 148 AD3d 807, 808; Matter of Justin L. [Sandra L.], 144 AD3d 915, 915). First, the petitioner must show that a child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired (see Matter of Afton C. [James C.], 17 NY3d at 9; Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590-591; Matter of Jaurelious G. [Gwendolyn J.], 148 AD3d at 808; Matter of Justin L. [Sandra L.], 144 AD3d at 915). Further, there must be a "causal connection between the basis for the neglect petition and the circumstances that allegedly produce the child's impairment or imminent danger of impairment" (Nicholson v Scoppetta, 3 NY3d 357, 369; see Matter of Afton C. [James C.], 17 NY3d at 9).
Second, any impairment must be a consequence of the parent's failure to exercise a minimum degree of parental care (see Matter of Afton C. [James C.], 17 NY3d at 9; Matter of Jaurelious G. [Gwendolyn J.], 148 AD3d at 808; Matter of Justin L. [Sandra L.], 144 AD3d at 915). This is an objective test which requires the court to evaluate the parent's behavior and determine if a reasonable and prudent parent would have so acted, or failed to act, under the circumstances (see Matter of Afton C. [James C.], 17 NY3d at 9; Nicholson v Scoppetta, 3 NY3d at 370). "A parent may deviate from this standard by unreasonably inflicting . . . a substantial risk' of harm to the child" (Matter of Afton C. [James C.], 17 NY3d at 9, quoting Family Ct Act § 1012[f][i][B]).
The Family Court's determination that the father neglected Josiah is supported by a preponderance of the evidence (see Matter of Khamari S. [Keith S.], 163 AD3d 826, 826; Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1094; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). We agree with the court's determination that the evidence established a sufficient causal connection between the father's conduct and the injuries sustained by Josiah (see Matter of Afton C. [James C.], 17 NY3d at 9; Nicholson v Scoppetta, 3 NY3d at 369-370; Matter of Jubilee S. [James S.], 149 AD3d 965, 968; Matter of Angelique L., 42 AD3d 569, 572).
Moreover, a preponderance of the evidence supports the Family Court's determination that the father derivatively neglected Kamryn, since the father's conduct during the altercation evinced such a profound lack of understanding of his parental responsibilities as to create a substantial risk of harm for any child in his care, even though there is no evidence that Kamryn was present during the incident (see Matter of Gary J. [Engerys J.], 154 AD3d 939, 942; Matter of Kaleb B. [Harold S.], 119 AD3d 780, 781; Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 566-567; Matter of Briana F. [Oswaldo F.], 69 AD3d 718, 719).
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court