Matter of Adina B. (Alexander B.) (2022 NY Slip Op 06701)

Matter of Adina B. (Alexander B.)

2022 NY Slip Op 06701

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05440 
2021-08622
 (Docket Nos. N-23859-19, N-23860-19, N-23861-19)

[*1]In the Matter of Adina B. (Anonymous). Administration for Children's Services, respondent; Alexander B. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Aaron B. (Anonymous). Administration for Children's Services, petitioner; Alexander B. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Naomi B. (Anonymous). Administration for Children's Services, petitioner; Alexander B. (Anonymous), respondent. (Proceeding No. 3.)

Sarah Han, Brooklyn, NY (Amy Mulzer and Christine Gottlieb of counsel; Catherine O'Neill and Sean Langberg on the brief), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for respondent.
Joan N. G. James, Brooklyn, NY, attorney for the child Adina B.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Linda M. Capitti, J.), dated June 30, 2021, and (2) an order of disposition of the same court dated November 9, 2021. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father neglected the child Adina B. The order of disposition, upon the order of fact-finding and after a dispositional hearing, directed the father to engage in individual therapy and limited his parental access with the child Adina B. to supervised parental access.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portion of the order of fact-finding appealed from was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the child Adina B. (hereinafter the child) by twice administering THC oil to her while she was in the hospital undergoing treatment for aggressive cancer and by stating that he would do so again in the future, despite having been advised that such action was against the medical advice of the child's treating physicians. After a fact-finding hearing, the Family Court found that the father neglected the child. The court found that while the father's conduct did not cause the child to suffer actual harm, "the record shows that the [father] clearly stated his intent to continue to administer THC oil to [the child] against her treating physicians' advice," and that the child was at risk of actual harm. After a dispositional hearing, the court directed the father to engage in individual therapy and limited his parental access with the child to supervised parental access. The father appeals.
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b]; Matter of Sage H. [Lovette H.], 204 AD3d 795, 796). "To establish neglect based upon a parent's failure to provide adequate medical care, a petitioner must prove, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in supplying the child with adequate medical care, though financially able to do so" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796; see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). "[T]he most significant factor in determining whether a child is being deprived of adequate medical care . . . is whether the [parent has] provided an acceptable course of medical treatment for [his or her] child in light of all the surrounding circumstances" (Matter of Hofbauer, 47 NY2d 648, 656). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Ashley A.F. [Juan T.], 181 AD3d 882, 883, quoting Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202 [internal quotation marks omitted]).
Here, ACS established by a preponderance of the evidence that the father neglected the child (see Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 797). The record demonstrated that the father administered THC oil to the child without first consulting with her treating physicians. The testimony of an ACS caseworker and the mother, which was credited by the Family Court, evidenced that the father clearly stated that he intended to continue to administer THC oil to the child against her physicians' advice, and would do so every chance he could, as he believed that THC oil would cure her cancer. The father's source of information for this belief was the Internet. Moreover, according to the mother, the father stated that "oncology is . . . [a] money making industry," and that oncologists had no interest in making cancer patients well. The father further stated that he wanted to use THC oil instead of following the hospital's treatment plan, and his intention was to administer THC oil to the child every two hours. The father's conduct put the child in imminent danger of impairment (see id.). Thus, under the circumstances, the evidence was sufficient to support the Court's finding of neglect against the father (see id.). Moreover, the court was entitled to draw the strongest negative inference against the father for his failure to testify (see Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567).
Further, the Family Court properly gave little weight to the testimony of two expert witnesses proffered by the father (see Matter of Tina P. v Craig B., 224 AD2d 933, 933). Notably, neither witness spoke with any of the child's treatment providers. Additionally, while one of the witnesses was qualified as an expert in pediatric palliative care, the father administered THC oil to the child, not as a form of palliative care, but rather as treatment meant to cure her cancer.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court