Matter of Tremont N. F. (Angela N.) (2023 NY Slip Op 06253)

Matter of Tremont N. F. (Angela N.)

2023 NY Slip Op 06253

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-07030
 (Docket No. N-4775-20)

[*1]In the Matter of Tremont N. F. (Anonymous). Administration for Children's Services, appellant; Angela N. (Anonymous), respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and D. Alan Rosinus, Jr., of counsel), for appellant.
William C. Hoffman, Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated August 26, 2022. The order, after a fact-finding hearing, dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this neglect proceeding against the mother, alleging, inter alia, that she suffered from a mental illness which impaired her ability to care for the subject child. After a fact-finding hearing, the Family Court determined that ACS failed to establish a causal connection between the mother's condition and any actual or potential harm to the child. Accordingly, the court dismissed the petition. ACS appeals.
In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see id. § 1046[b][i]). A neglected child is a child less than 18 years old "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (id. § 1012[f][i][B]). "[P]roof of mental illness alone will not support a finding of neglect. The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]" (Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640 [citation omitted]; see Matter of Anthony A.R. [Taicha P.], 188 AD3d 697, 698; Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759).
The Family Court properly determined that ACS failed to establish that there was a causal connection between the mother's mental illness and any actual or potential harm to the child [*2](see Matter of Geoffrey D. [Everton D.], 158 AD3d at 759; Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674). There was no evidence that the mother's mental illness placed the child in imminent danger or precluded her from caring for the child, and the evidence established that the child was observed to be well cared for (see Matter of Geoffrey D. [Everton D.], 158 AD3d at 759; Matter of Nialani T. [Elizabeth B.], 125 AD3d at 674; Matter of Joseph A. [Fausat O.], 91 AD3d at 640). Since ACS failed to establish that the child's physical, mental, or emotional condition was impaired or was in imminent danger of becoming impaired as a result of the mother's actions, it failed to establish that the mother neglected the child (see Matter of Zahir W. [Ebony W.], 169 AD3d 909, 910).
The contentions of the attorney for the child regarding alleged evidentiary errors are not properly before this Court.
Accordingly, the Family Court properly dismissed the petition.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court