Matter of Yeimi M. (Maria S. V.) (2024 NY Slip Op 00906)

Matter of Yeimi M. (Maria S. V.)

2024 NY Slip Op 00906

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-10403
 (Docket No. N-31649-18)

[*1]In the Matter of Yeimi M. (Anonymous). Administration for Children's Services, petitioner-respondent; Maria S.. (Anonymous), appellant, et al., respondent.

Brooklyn Defender Services, Brooklyn, NY (Heather Marie Bristol, Kathryn V. Lissy, and Arnold & Porter Kaye Scholer LLP [Kathleen A. Reilly, Rebecca D. Maller-Stein, and Aidan Mulry], of counsel), for appellant.
Sylvia O. Hinds-Radix, New York, NY (Melanie T. West and Eva L. Jerome of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child Yeimi M.
Steven P. Forbes, Huntington, NY, attorney for the child Allison M.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 10, 2022. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated March 1, 2022, made after a fact-finding hearing, finding that the mother neglected the subject child.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
In December 2018, the Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child because the mother had permitted her boyfriend to have continued access to, and contact with, the child after she had reported to the mother that the mother's boyfriend had sexually abused her on multiple occasions. After a fact-finding hearing, the Family Court found that the mother neglected the child. The mother appeals.
In a neglect proceeding, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see id. § 1046[b][i]; Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863). Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses, having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor (see Matter of Skye H. [Tianna S.], 195 AD3d 711, 713).
Here, the Family Court's finding that the mother neglected the child by permitting her boyfriend to have continued access to, and contact with, the child after she had reported to the mother that the mother's boyfriend had sexually abused her on multiple occasions was supported by a preponderance of the credible evidence (see Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202; Matter of Selena J., 35 AD3d 610, 611). Contrary to the mother's contention, the court was entitled to draw the strongest negative inference against her for her failure to testify (see Matter of Adina B. [Alexander B.], 210 AD3d 981, 983; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567; Matter of Alanah M. [Donnie M.], 96 AD3d 757, 758).
The mother's remaining contentions are without merit.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court