Matter of O.B.A. (Eleiona J.) (2024 NY Slip Op 02362)

Matter of O.B.A. (Eleiona J.)

2024 NY Slip Op 02362

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Docket No. NN-05455/22 Appeal No. 2188 Case No. 2022-03615 

[*1]In the Matter of O.B.A., A Child Under Eighteen Years of Age, etc., Eleiona J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.
Andrew J. Baer, New York, attorney for the child.

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 17, 2022, which, after a hearing, granted petitioner's application for removal of the subject child pursuant to Family Court Act § 1027 pending the fact-finding hearing on the issue of neglect, unanimously affirmed, without costs.
On review of the evidence and testimony submitted at the hearing held pursuant to Family Court Act § 1027, we find that the record supports a determination that the child's life or health was at imminent risk of harm (Family Court Act § 1027[b][i]). The record includes evidence that the mother engaged in several incidents of volatile and erratic behavior while in the hospital in the days following the child's birth and in the presence of the newborn child (see Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691-692 [2d Dept 2015]). Although the imminent risk assessment was favorable to the mother, the decision whether to credit an expert opinion is a credibility determination for the court (see Matter of Adina B. [Alexander B.], 210 AD3d 981, 983 [2d Dept 2022]). Given the imminent risk of harm that the mother's conduct posed to the child, and serious concerns raised by this conduct, it was a provident exercise of the court's discretion to remove the child pending the fact-finding determination on the issue of neglect. Nor were there conditions that could be imposed sufficient to mitigate the risk (id.).
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024