Matter of David J. (Danielle J.) (2025 NY Slip Op 01366)

Matter of David J. (Danielle J.)

2025 NY Slip Op 01366

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-01706
2024-01708
 (Docket Nos. N-5032-22, N-5033-22)

[*1]In the Matter of David J. (Anonymous). Administration for Children's Services, respondent; Danielle J. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Daniella J. (Anonymous). Administration for Children's Services, respondent; Danielle J. (Anonymous), appellant. (Proceeding No. 2)

Austin I. Idehen, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Jonathan A. Popolow of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Margaret Morgan, J.), dated February 9, 2024, and (2) an order of disposition of the same court dated February 13, 2024. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is modified, on the law and the facts, by deleting the provision thereof, upon the order of fact-finding, determining that the mother neglected the subject children by failing to provide them with appropriate medical care; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected [*2]the subject children, inter alia, by failing to provide them with an adequate education and appropriate medical and dental care, and by failing to provide them with proper supervision or guardianship in that the mother had a mental illness that impaired her ability to care for the children. After a fact-finding hearing, in an order of fact-finding dated February 9, 2024, the Family Court found that the mother neglected the children. In an order of disposition dated February 13, 2024, the court, among other things, placed the children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing by a preponderance of evidence that the subject child has been abused or neglected" (Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161). "A party seeking to establish neglect must show, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with adequate care or proper supervision or guardianship" (Matter of Nicholas M. [Robert M.], 224 AD3d 689, 691; see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "Courts must evaluate parental behavior objectively by considering whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances then and there existing" (Matter of Kaira K. [Karam S.], 226 AD3d 900, 902 [internal quotation marks omitted]). Moreover, "[t]he requirement of actual or imminent danger of impairment as a prerequisite to a finding of neglect . . . ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (Matter of Jefferson C.-A. [Carlos T.-F.], 227 AD3d 894, 895 [alterations and internal quotation marks omitted]). "In order for danger to be 'imminent,' it must be 'near or impending, not merely possible'" (Matter of Serina M. [Edward M.], 179 AD3d 925, 927, quoting Nicholson v Scoppetta, 3 NY3d at 369). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Nicholas M. [Robert M.], 224 AD3d at 691 [internal quotation marks omitted]).
Contrary to the mother's contention, the Family Court's finding that she neglected the children by failing to provide them with appropriate dental care was supported by a preponderance of the evidence adduced at the fact-finding hearing (see id.; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 701). Similarly, a preponderance of the evidence supported the court's finding that the mother neglected the children by failing to provide them with an adequate education, as ACS submitted unrebutted evidence establishing that the mother admitted that she was not in compliance with the requirements of the New York City Department of Education in homeschooling the children (see Matter of Isaac V.D.L.R. [Maria D.L.R.], 174 AD3d 622, 623; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901).
Moreover, "[w]hile parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759). Instead, "[t]he evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child" (Matter of Tremont N.F. [Angela N.], 222 AD3d 651, 651 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]). Here, the Family Court's finding that the mother had a largely untreated mental illness was supported by the record. The evidence also demonstrated, inter alia, that the mother had difficulty interacting with others in person due to her anxiety, which caused her to isolate the children in a shelter room, placing the children at an imminent risk of impairment (see Matter of Precise M. [Tawana M.], 215 AD3d 680, 681; Matter of Skye C. [Monica S.], 127 AD3d 603, 604).
However, ACS did not prove by a preponderance of the evidence that the mother medically neglected the children. "To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired" (Matter of Autumn O. [Noah O.], 158 AD3d 696, 697 [internal quotation marks omitted]). "The most significant factor in determining whether a child is being deprived of [*3]adequate medical care . . . is whether the parent has provided an acceptable course of medical treatment for his or her child in light of all the surrounding circumstances" (Matter of Adina B. [Alexander B.], 210 AD3d 981, 982 [alterations and internal quotation marks omitted]). Here, ACS did not allege that the mother's failure to seek preventative care caused actual impairment to the children or present evidence at the fact-finding hearing that the failure to seek such care placed the children in imminent danger of becoming impaired. Further, the evidence demonstrated that, when one of the children presented symptoms of near syncope, the mother promptly called 911 and sought medical care. Under these circumstances, the Family Court should not have found that the mother medically neglected the children (see Matter of Jahzir Barbee M. [Racine B.], 171 AD3d 1181, 1183; Matter of Alanie H., 83 AD3d 1066, 1068).
The parties' remaining contentions either are unpreserved for appellate review, are without merit, or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court