Matter of Israel H.-F. (Sabrina U.)
2026 NY Slip Op 03800
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Israel H.-F. (Anonymous). Suffolk County Department of Social Services, respondent; Sabrina U. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-06944, (Docket Nos. N-7941-24, N-7942-24)
Angela G. Iannacci, J.P.
Helen Voutsinas
Janice A. Taylor
James P. McCormack, JJ.

Glenn Gucciardo, Northport, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Alex Berkman of counsel), for respondent.
Jordan M. Freundlich, Lake Success, NY, attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Suffolk County (Victoria Gumbs-Moore, J.), dated May 22, 2025. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
In May 2024, the Suffolk County Police Department executed a search warrant on a single-family home in Amityville following an approximately four-month investigation into suspected drug trafficking activity. At the time the search warrant was executed, the mother, the father, and the subject child were present and allegedly had been residing in the home together. While executing the search warrant, police officers recovered, inter alia, two firearms, a knapsack containing ammunition, and drug paraphernalia, including two kilo presses, a digital scale, and what was later identified as fentanyl residue inside a container used with a blender.
Thereafter, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the child. After a fact-finding hearing, in an order of fact-finding dated May 22, 2025, the Family Court, among other things, found that the mother neglected the child. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been neglected by a preponderance of the evidence (see Matter of Jefferson C.-A. [Carlos T.-F.], 227 AD3d 894, 895; Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592). To establish neglect of a child, the petitioner must demonstrate (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Matter of Malik M. [*2][Taishona M.], 236 AD3d 1034, 1035; Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784).
Here, the Family Court's finding that the mother neglected the child was supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The evidence adduced at the fact-finding hearing, together with the strong negative inference that the court was entitled to draw against the mother upon her failure to testify (see Matter of Adina B. [Alexander B.], 210 AD3d 981, 983; Matter of Essleiny A. [Rafael A.], 142 AD3d 862, 862), established that the mother placed the child in near proximity to the dangerous activity of drug trafficking, which posed an imminent danger to the child's physical, mental, and emotional well-being (see Matter of Majesty M. [Brandy P.], 166 AD3d 775, 776; Matter of Diamonte O. [Tiffany R.], 116 AD3d 866, 867).
The mother's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., VOUTSINAS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court